IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RAHNALD GORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-0882-DGK |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit concerns uninsured motorist policy benefits. Plaintiff Rahnald Gorman was a passenger in a vehicle that was rear-ended by an uninsured motorist. Plaintiff is suing his insurance company, State Farm Mutual Automobile Insurance Company ("State Farm"), for breach of contract (Count I) and vexatious refusal to pay (Count II).[1]

Pending before the Court is a discovery dispute between Plaintiff and State Farm concerning the redacted portion of five pages from State Farm's claim file. The redacted entries concern State Farm's adjuster's monetary evaluation and analysis of Plaintiff's claims. The adjuster made the entries after Plaintiff's attorney sent a demand letter on March 17, 2016, but before State Farm denied Plaintiff's claim, and before Plaintiff filed suit.

The Court has reviewed the parties' memoranda (Docs. 30, 32) and heard argument from Plaintiff's counsel Brett Coppage and State Farm's counsel Janette Chase Gaddie. The Court holds State Farm has not carried its burden of establishing that the redacted entries are protected by the work product privilege, so it shall produce the unredacted entries to Plaintiff.

---

[1] Plaintiff is suing the other Defendants for uninsured motorist benefits as a third-party beneficiary under their policies. The present discovery dispute, however, does not concern the other Defendants.

Since the Court is hearing this case pursuant to its diversity jurisdiction, federal law applies to resolve work product privilege claims. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). As the party seeking to invoke the privilege, State Farm bears the burden of establishing the elements of the privilege. *See In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir. 1997).

The work product privilege "is distinct from and broader than the attorney-client privilege." *In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007). The work product privilege is codified in the federal rules of civil procedure, which state, "Ordinarily, a party may not discover documents and tangible things that *are prepared in anticipation of litigation or for trial* by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). This is a fact-based determination, made after considering

> whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that *even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.*

*Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (emphasis added). If and when the privilege is established, the materials still may be discovered if: (i) they are otherwise discoverable; and (ii) the party seeking the materials "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

With respect to the threshold question here—whether the privilege applies—the Court finds State Farm has not carried its burden of establishing that the specific redacted entries were prepared in anticipation of litigation or for trial. In fact, as best the Court can determine from the

existing record, the redacted documents appear to be entries made in the regular course of business for any claim file, and not for purposes of litigation.  Accordingly, State Farm shall produce the unredacted entries to Plaintiff on or before October 28, 2016.

**IT IS SO ORDERED.**

Date:  October 26, 2016   	 /s/ Greg Kays
	GREG KAYS, CHIEF JUDGE
	UNITED STATES DISTRICT COURT